FILED
CLERK, U.S. DISTRICT COURT
04/03/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>XAVIER RAUL MACIEL,<br><br>          Defendant. | ED CR No. 5:24-cr-00085-SSS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(o)(1): Possession of a Machineguns; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(o)(1)]

On or about November 30, 2023, in Riverside County, within the Central District of California, defendant XAVIER RAUL MACIEL knowingly possessed machineguns, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), each of which defendant MACIEL knew to be a machinegun,:

(1) an 5.56mm NATO, M16-type privately made firearm, bearing no serial number (commonly referred to as a "ghost gun");

(2) a Glock model 26, 9x19 mm firearm, bearing serial number BYWK120; and

(3) a Glock model 23Gen4 .40 S&W caliber firearm, bearing serial number VGT877.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2.  If so convicted, the defendant shall forfeit to the United States of America the following: (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

//
//
//

3

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Branch Office